United States District Court
Southern District of Texas
**ENTERED**
September 24, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY, | § § § § | CIVIL ACTION NO. 4:20-cv-03197 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| R&H HAULING LLC, *et al*, Defendants. | § § § | |

**OPINION AND ORDER DENYING**
**MOTION FOR SUMMARY JUDGMENT**

The motion for summary judgment by Plaintiff National Liability & Fire Insurance Company is denied. Dkt 26.

This is a dispute over auto-insurance coverage. It relates to an underlying state lawsuit in which Defendant Jose Jaime Gomez is the plaintiff. See *Gomez v R&H Hauling*, No D-1-GN-19-001685 (126th Dist Ct, Travis County, Texas). Gomez there alleges that on November 5, 2018, Defendant Hector Calderon "negligently reversed his truck and trailer into the area" where Gomez was working, struck him, and caused "serious injury." Dkt 26-1 at ¶ 4.01 (state-court complaint). Calderon was at the time working for Defendant R&H Hauling, LLC, who in turn was hired by Defendant Diehard Trucking, LLC. Ibid. A default judgment was entered against R&H and Calderon in the state litigation. See Dkt 1-5 at 3–5 (amended default final judgment).

Both R&H and Diehard were insureds under an insurance policy with National Liability. See generally Dkt 26-1 at 14–54 (policy). The policy provides that National Liability may cancel the policy for reasons including nonpayment of premiums, provided that National Liability give written notice of (and the reason for) the cancellation at least ten days before the effective

1

date. Id at 22. It's undisputed that National Liability sent R&H a cancellation notice for nonpayment of premiums, with cancellation effective on October 22, 2018. See Dkt 37-1 at 30 (notice of cancellation). And that's more than ten days prior to Gomez's injury on November 5, 2018.

National Liability filed its complaint here in September 2020 to seek a declaration that it isn't required to provide a defense or indemnification in the state-court action. Dkt 1. Gomez answered and filed a counterclaim, seeking a declaration that National Liability must defend and indemnify R&H, Diehard, or Calderon. Dkt 10.

National Liability moved for summary judgment prior to the close of discovery. Dkt 26. It argues that it has no duty to defend or indemnify the defendants in the state-court proceeding for several reasons: *first,* proper notice and tender of the claim wasn't given; *second (and fourth),* the accident occurred after proper notice of cancellation; and *third,* Gomez has no right to advocate the insured's right to defense. Dkt 26 at 4. But in its reply, National Liability withdrew the first and third issues. Dkt 37 at 12–13.

National Liability proceeds on the assumption that the eight-corners doctrine pertains to its policy-cancellation issue. That doctrine requires comparison of the allegations within the four corners of the plaintiff's pleadings in the underlying action with provisions within the four corners of the insurance policy to determine an insurer's duty to defend. *National Liability Union Fire Insurance Co v Merchants Fast Motor Lines Inc*, 939 SW2d 139, 141 (Tex 1997, *per curiam*). But the parties join issue here not on issues pertaining to the scope of coverage and defense, but solely on whether the insurance policy was even in place at the time of the underlying injury.

For example, the parties don't dispute that National Liability has no duty to defend or indemnify if the policy was properly cancelled. They also don't dispute that National Liability sent R&H a notice of cancellation. And they don't dispute that the underlying accident occurred more than ten days after notice of cancellation as specified in the policy. See Dkts 26-1 at 22, 37-1 at 30. The precise issue, then, is one beyond the eight-corners doctrine, being instead whether the notice sent by National

2

Liability was legally sufficient to effectively cancel its policy with R&H before Gomez was injured.

Gomez insists that it wasn't. He argues that certain regulatory provisions required National Liability to provide notice of *thirty days* to the Texas Department of Motor Vehicles before cancellation. See Dkt 34 at 8–13, citing 43 Texas Administrative Code § 218.16(f). That plainly didn't happen. But National Liability contends that the cited provisions apply only to motor carriers *registered* as such with the State of Texas. Dkt 37 at 6–8. And there is at least some evidence that R&H wasn't so registered. See Dkt 37-1 at 3 (affidavit of cancellations and filings manager for National Liability).

It seems clear that the subject policy pertained to a *motor carrier* as defined by the subject regulations. See Dkt 26-1 at 24 (policy provision specifying business of "sand and gravel" hauling), 25–29 (policy provision specifying "Texas Truckers Endorsement"), 31 (policy provision specifying Peterbilt tractor in excess of 45,000 pounds); see also 43 Tex Admin Code § 218.2(28) (definition of *motor carrier*). And even if the thirty-day cancellation provision only pertains to *registered* motor carriers, Gomez musters at least some evidence that National Liability understood that R&H was by law required to register. See Dkt 37-1 at 7, 12–13, 20, 23 (various underwriting inquiries and communications); see also Dkt 26-1 at 49–50 (policy provision showing inclusion of "Texas Changes" to the "Motor Carrier Coverage Form" and the "Truckers Coverage Form"). He further maintains that this would mean that the panoply of requirements imposed on insurers were still triggered. For example, see 43 Tex Admin Code §§ 218.13(a)(8) & 218.16.

The factual record is in some respects incomplete, and discovery isn't yet closed. Ruling is thus reserved on the legal question presented. Should National Liability seek summary judgment again on this issue after the close of discovery, it must present argument under these regulations as to the insurer's obligations in situations where an insured was required to (but didn't) register with Texas authorities—especially in a situation where the insurer was subjectively aware of the registration requirement. Current briefing by National Liability assumes that

3

the failure of registration simply means that Gomez is out of luck in this situation, while Gomez argues that an insurer can't so lightly avoid state-law requirements imposed on motor carriers and their insurers. But neither party adequately develops and supports its position in this regard.

Discovery is currently set to close on October 5, 2021. Any reasonable request for extension of that deadline to further address the issues presented by this ruling will be granted.

The motion for summary judgment by Plaintiff National Liability & Fire Insurance Company is DENIED. Dkt 26.

SO ORDERED.

Signed on September 24, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge